In the Matter of the Claim of LOUISE BERG, Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.

Third Department, January 9, 1952.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor-General,* and *Francis R. Curran* of counsel), for appellant.

*Louise Berg,* respondent in person.

BREWSTER, J. This is an appeal by the Industrial Commissioner from that part of a decision of the Unemployment Appeal Board, affirming a referee's decision, which held that the forty-two day penalty incurred by claimant for having separated herself from employment without good cause (Labor Law, § 593, subd. 1), was served during a period of time when she was unavailable for employment due to conditions imposed by her.

Claimant, having become unemployed as a salesgirl at Bloomingdales without good cause, incurred the penalty of a forty-two-day disqualification for benefits which was imposed by

the initial determination. She then stipulated as conditions of her acceptance of suitable re-employment wages and hours which were higher than and different from those which were standard and prevailing in her wonted occupation. The initial determination deferred the beginning of the discharge of the forty-two-day penalty until claimant removed the aforesaid conditions or restrictions and made herself in readiness for suitable employment. The deferral was upon the premise that because of these conditions or restrictions she had not met an implied requirement of availability for suitable employment and further that she had effectively withdrawn herself from the '' labor market '' and had not bona-fidedly returned thereto and become available for employment, and, that accordingly the deferral was authorized and prescribed by either of the provisions of paragraph (c) of subdivision 1 of section 593 of the Labor Law which provide that where a claimant leaves his employment without good cause: 1. '' no benefits shall be payable to such claimant, nor shall he be credited with serving any part of the waiting period until forty-two consecutive calendar days have elapsed after his registration for benefits  *  *  * if there was no withdrawal from the labor market '', 2. '' or until such forty-two days have elapsed after the certification of his bona fide return to the labor market and his availability for employment if there had been a withdrawal from the labor market.'' The rationale of the appeal board's decision is that inasmuch as claimant was desirous of and sought re-employment, even though under conditions which admittedly rendered her unavailable therefor, she had not withdrawn from the labor market, and that her penalty could be served and discharged during the period of time subsequent to her registration for benefits during which she sought employment even though she had thus rendered herself unavailable therefor. This, in effect, would permit an employee to quit his job without good cause and serve the statutory penalty therefor at a time of his own choosing, and when unready and unwilling to return to suitable employment. This could result in an avoidance of the purpose and effect of the penalty made manifest by the statute, the fundamental aim of which is relief from the ills of involuntary unemployment. (Labor Law, § 501.)

The benefits afforded are denied to one who voluntarily quits work and withdraws from the labor market until he returns and is available for re-employment. (Labor Law, § 593, subd. 1, par. [a].) If, however, he becomes unemployed *without good cause* he incurs a penalty, viz.: the benefits of the act must be

denied him, 1. for forty-two days after he registers for them if he has not withdrawn from the labor market, or, 2. when he has withdrawn from the labor market, until he returns thereto and is available for employment. (Labor Law, § 593, subd. 1, par. [c].) Under the uncontroverted facts shown we consider that the deferral and fixation of the commencement of the service of the penalty as pronounced by the initial determination was correct and in accord with either or the last referred to provisions of the statute. When it is provided that the penalty period begins to discharge upon registration for benefits where there is no withdrawal from the labor market, it is implicit that claimant be then available for suitable employment. (Labor Law, § 522.) Contra, the effect of the penalty would be avoided. Here the fact found by the board is that claimant was not so available. Under the other provision of the statute, as we construe it, a withdrawal from the labor market ensues when one intentionally imposes such restrictions upon his re-employment as to render him unavailable for suitable employment. This fact, too, the board has found.

That part of the decision appealed from should be reversed, as a matter of law, and the initial determination reinstated.

FOSTER, P. J., HEFFERNAN, BERGAN and COON, JJ., concur.

Decision insofar as appealed from reversed, on the law, and the initial determination reinstated, without costs.